CHAMBERLIN, JUSTICE, DISSENTING:
 

 ¶ 23. We should not expand the right to arbitration but rather apply already-established law. However, as all of the claims alleged against Olshan and Brown arose from the contract and Katelyn availed herself of that contract, acts already contemplated under existing law, I respectfully dissent. I would reverse the circuit court's denial of arbitration and remand the case to be compelled to arbitration in its entirety.
 

 ¶ 24. As the majority recognizes, a party is bound by the principles of direct-benefit estoppel where the party "seek[s] to enforce the terms of that contract or assert[s] claims that must be determined by reference to that contract."
 
 Scruggs v. Wyatt
 
 ,
 
 60 So.3d 758
 
 , 760 (Miss. 2011) ;
 
 see also
 

 Noble Drilling Servs., Inc. v. Certex USA, Inc.
 
 ,
 
 620 F.3d 469
 
 , 473 (5th Cir. 2010).
 

 ¶ 25. Despite the majority's insistence otherwise, Katelyn (herself or, in the alternative, through her mother as her next friend and natural guardian) has asserted claims that must be determined by reference
 to the contract. Under the complaint, Katelyn brought all five counts against Olshan and Brown. While the majority is quick to note the clear intent of the parties concerning the application of Mississippi law, it wholly ignores the Moores' admission on appeal that Katelyn brought all five counts in the complaint. On appeal, the Moores (including Katelyn) bluntly declare:
 

 Katelyn, along with her parents Phillip and Gloria Moore, sued Olshan and Wayne Brown, as the employee and GM of Olshan, in Perry County Circuit Court for breach of contract, breach of warranty, negligence, fraud, and Intentional/Negligent Infliction of Emotional Distress (INIED) claims stemming from Olshan's failure to competently repair their foundation.
 

 This admission is nothing new, though, as the Moores (including Katelyn), in their response to the motion to compel, argued that "[b]ecause the Moores' claims all
 
 arise out of the same occurrence
 
 , the claims should be resolved together, either through arbitration or trial." (Emphasis added.)
 

 ¶ 26. Instead of deferring to the language of the complaint and the Moores' claims, the majority is forced to draw the distinction that Katelyn has brought only count five against Olshan and Brown. This distinction is unsupported by the complaint and the entire record both in the circuit court and on appeal. The majority's attempt to justify its interpretation of the complaint by recognizing that Katelyn's damages were alleged separately is unavailing in light of the language of the complaint paired with the Moores' own understanding of the claims brought. Even if the circuit court was correct to interpret the complaint's use of the term "the Moores" as excluding Katelyn, Katelyn's continued insistence on appeal that she brought the claims alongside her parents renders this interpretation on appeal untenable.
 

 ¶ 27. Had Katelyn brought only count five, though, her claim still should be arbitrated. As to count five, the complaint's specific reference to Katelyn does not allege a cause of action against Olshan or Brown without the surrounding context of the breach-of-contract claims. As to Katelyn, count five states "Katelyn Moore has autism and other mental complications which cause emotional distress due to limited coping skills with physical manifestations of migraine headaches." Alone, these allegations do not allege any cause of action against Olshan and Brown. Instead, the allegations claim that Katelyn's autism and other mental complications caused her emotional distress. These are, at best, damages. Only when the allegations are read in conjunction with the first phrase of Phillip's claim does Katelyn's claim become actionable. The first phrase of Phillip's claim in count five provides: "Due to the actions of Olshan, as previously described in the statement of facts, and its negligence and breach of contract...."
 

 ¶ 28. The majority's reliance on
 
 Simmons
 
 and
 
 Brown
 
 is misplaced: in both those cases the Court declined to apply equitable estoppel, as the parties at issue were not bringing contact claims.
 
 Simmons Housing, Inc. v. Shelton ex rel. Shelton
 
 ,
 
 36 So.3d at 1283, 1288
 
 (Miss. 2010) ;
 
 Hattiesburg Health & Rehab Center, LLC v. Brown
 
 ,
 
 176 So.3d 17
 
 , 24 (Miss. 2015). In
 
 Simmons
 
 , the Court recognized that the children "insist that they do not-and cannot-seek recovery for breach of contract."
 
 Simmons
 
 ,
 
 36 So.3d at 1288
 
 . Likewise, in
 
 Brown
 
 , the Court found that the estate's claims sounded in tort without reference to the contract.
 
 Brown
 
 ,
 
 176 So.3d at 24
 
 . Instead, here, the Moores insisted at the circuit court and now continue to insist on
 appeal that Katelyn brought the five counts in the complaint against Olshan and Brown.
 

 ¶ 29. Katelyn's claims against Olshan and Brown arose from the contract at issue in this case. Katelyn brought suit against Olshan and Brown under that contract, alleging claims that must, by the Moore's own admissions, be resolved by reference to that contract. As such, I would apply established law and compel Katelyn's claims to arbitration.
 

 MAXWELL AND ISHEE, JJ., JOIN THIS OPINION.